IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **STRYKER CORPORATION**, a Michigan corporation; **HOWMEDICA OSTEONICS CORP.**, a New Jersey corporation;<br><br>Plaintiffs,<br><br>   v.<br><br>**CHRISTOPHER RIDGEWAY**, an individual; **RICHARD STEITZER**, an individual; **BIOMET, INC.**, an Indiana corporation;<br><br>Defendants. | Case No. 1:13-cv-01066<br><br>Hon. Robert Holmes Bell |

### DEFENDANTS RICHARD STEITZER AND BIOMET, INC.'S
### MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendants Richard Steitzer ("Steitzer") and Biomet, Inc. ("Biomet")[1] respectfully move this Court for an Order declaring that the October 16, 2013 settlement agreement ("Agreement") entered into between Steitzer and Biomet on the one hand, and Plaintiffs Stryker Corporation and Howmedica Osteonics Corp. (collectively, "Plaintiffs"), on the other, is valid and enforceable. Plaintiffs have breached the Agreement by reneging on its terms, which were confirmed in writing in email correspondence between the parties' attorneys.

Pursuant to Local Rule 7.1(d), Steitzer and Biomet have contacted Plaintiffs' counsel more than once in an attempt to obtain concurrence on this motion. Those attempts have been unsuccessful, and this motion will be opposed.

Plaintiffs offered to release Steitzer and Biomet from any claims in exchange for an agreed injunction and certain payments, an offer that Steitzer and Biomet accepted. Instead of

---

[1] As the parties have discussed, Biomet, Inc. is the improper defendant in this case. Biomet, Inc.'s subsidiary, Biomet Microfixation, LLC, is the proper defendant.

carrying through, however, Plaintiffs reneged.  After an oral agreement was reached and confirmed via email, and while Steitzer and Biomet were expecting the agreed-to releases and covenants to be put into a formal document, Plaintiffs began demanding additional material terms be added to the Agreement.  Just hours after Steitzer and Biomet accepted Plaintiffs' offer, Plaintiffs' counsel tried to wipe the slate clean, claiming that the agreement was only in theory and that he did not have authority to make the initial offer.

For these reasons and those included in Defendants Brief in Support of Their Motion to Enforce Settlement Agreement, Defendants Steitzer and Biomet request the Court enter an Order enforcing the parties' settlement agreement.

Dated:  October 25, 2013                            Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/  John M. Roels
　　　　　　　　　　　　　　　　　　　　　　　　John M. Roels
　　　　　　　　　　　　　　　　　　　　　　　　**WHEELER UPHAM**
　　　　　　　　　　　　　　　　　　　　　　　　Calder Plaza Building
　　　　　　　　　　　　　　　　　　　　　　　　250 Monroe Avenue NW, Suite 100
　　　　　　　　　　　　　　　　　　　　　　　　Grand Rapids, Michigan 49503
　　　　　　　　　　　　　　　　　　　　　　　　(616) 459-7100
　　　　　　　　　　　　　　　　　　　　　　　　roels@wuattorneys.com

　　　　　　　　　　　　　　　　　　　　　　　　Elizabeth B. Herrington, *admission pending*
　　　　　　　　　　　　　　　　　　　　　　　　Katharine M. O'Connor, *admission pending*
　　　　　　　　　　　　　　　　　　　　　　　　**MCDERMOTT WILL & EMERY LLP**
　　　　　　　　　　　　　　　　　　　　　　　　227 W. Monroe Street, Suite 4400
　　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　　　　　(312) 372-2000

　　　　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANTS RICHARD STEITZER AND BIOMET, INC.**