UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, a Michigan
corporation; HOWMEDICA OSTEONICS
CORP., a New Jersey corporation,

        Plaintiffs,

v.

CHRISTOPHER RIDGEWAY, an individual;
RICHARD STEITZER, an individual; BIOMET,
INC., an Indiana corporation,

        Defendants.
_____/

Case No.  1:13-CV-1066

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This action for breach of contract, breach of fiduciary duty, misappropriation of trade secrets, and tortious interference with contract filed by Plaintiffs Stryker Corporation and Howmedica Osteonics Corp. (collectively "Stryker"), is before the Court on Defendants Richard Steitzer and Biomet, Inc.'s motion to enforce settlement agreement (ECF No. 31). For the reasons that follow, the motion to enforce settlement will be denied.

**I.**

Defendants Steitzer and Biomet move for enforcement of a settlement agreement allegedly entered into with Stryker on October 16, 2013. Stryker opposes the motion based on its contention that no settlement was reached.

Steitzer and Biomet contend that counsel for Stryker orally offered to release all claims against Steitzer and Biomet in exchange for: (1) a return of all post-termination Stryker payments made to Steitzer, and (2) an agreed stipulation/order that Steitzer will stay away from his Stryker CMF customers until June 2013.  Defendants Steitzer and Biomet further contend that they accepted the offer by email dated October 16, 2013.  Stryker contends that it only explored settlement possibilities with defense counsel and never made a settlement offer.

The Sixth Circuit has long recognized that district courts have the broad, inherent authority and equitable power to enforce a settlement agreement in a case pending before it, even if the agreement was not arrived at in the presence of the court and even if the agreement has not been reduced to writing.  *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000); *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986); *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973).  Before enforcing a settlement agreement, "'the district court must conclude that agreement has been reached on all material terms.'"  *Therma-Scan*, 217 F.3d at 419 (quoting *Brock v. Scneuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988)).

Steitzer and Biomet contend that the settlement offer was made during a telephone call on October 14, between Elizabeth Herrington, counsel for Steitzer and Biomet, and Jason Stiehl, counsel for Stryker, followed by the following email communications:

On October 15, Herrington wrote:

> Just by way of an update, my in-house guy is talking to Steitzer today to confirm, but it appears that Biomet/Steitzer will agree to the demands you outlined yesterday.
>
> If we can get this done in the next couple of days, it seems like there is nothing left from Biomet in the case. Is that right? Can we dismiss Biomet?

(Email Thread, ECF No. 32-1, Ex. 3). The same day, Stiehl responded:

> Let me get back with the client and I will draft something up with typical releases, etc. We also will want to include the covenants in a court order of some form, either agreed injunction or dismissal order, but let me discuss internally and get back to you (hopefully later today).

(ECF No. 32-1, Ex. 4). The next morning, Herrington wrote:

> I heard back from Biomet and we have a deal along the lines we discussed.
>
> Please forward me the papers when you get a chance, so we can get things finalized.

(ECF No. 32-1, Ex. 5). Later that afternoon, Stiehl wrote:

> Can you give me a call at your earliest convenience. I have the specific terms of what Stryker is requesting to resolve the matter. But I want to discuss with you before putting it into a formal document as it will require some confirming discovery related to the sharing of information and actions of Rich.

(ECF No. 32-1, Ex. 6.)

Steitzer and Biomet object to Stryker's request for confirming discovery as a condition of settlement because they contend that they already accepted the offer to settle that did not include discovery that was made during the October 14, telephone call.

Resolution of whether there was a settlement offer that was accepted by Steitzer and Biomet on October 16 depends on what was communicated during the October 14 telephone call.

3

Herrington contends that during the October 14 telephone call, Stiehl conveyed an offer of settlement with two material terms: first, that Steitzer would be required to return any post-termination payments he had received from Stryker; and second, that Steitzer would be bound by an agreed stipulation/order to refrain from contacting any of Stryker's CMF customers until June 2014. (Herrington Decl. ¶ 6.) Herrington contends that Steihl never said that he did not have authority to make a settlement offer. (*Id.*) Herrington contends that Biomet and Steitzer accepted the offer by email on October 16. (Herrington Decl. ¶ 10.)

Stiehl contends that he asked Herrington to call him on October 14 to find out whether she was representing Steitzer and to discuss a prehearing discovery agreement. (Email thread, ECF No. 32-1, Page ID#535.) According to Stiehl, Herrington initiated a settlement discussion. She stated that Biomet "did not have the stomach" for this litigation, and then stated that her client asked her to ask "What does Stiehl want to make this case go away?" (Stiehl Decl. ¶ 16, ECF No. 39-1.) Stiehl contends that he responded that it did not matter what "Stiehl" wanted and that he had not yet had the opportunity to speak with Stryker about settlement. (Stiehl Decl. ¶ 17.) He contends that based on his experience he suggested that Stryker would most likely come to the table if there was a monetary payment, compliance with the non-compete agreement, perhaps for an extended term, and assurances that Steitzer had not shared or used any Stryker confidential information. (Stiehl Decl. ¶ 19.)

The attorneys' declarations concerning the October 14 telephone call conflict in numerous ways and raise material issues of fact including whether the conversation involved

4

a settlement demand/offer or whether it was simply a discussion about the likely parameters of any offer, the length of the non-compete agreement, and whether Stiehl revealed that he did not have authority to make a settlement offer. As a general rule, summary enforcement of a purported settlement agreement is "'ill-suited to situations presenting complex factual issues related either to the formation or the consummation of the contract, which only testimonial exploration in a more plenary proceeding is apt to satisfactorily resolve.'" *Kukla*, 483 F.2d at 621 (quoting *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969)). In this case, however, the Court believes that a determination can be made regarding the purported settlement agreement without resolving any of these factual issues.

As the parties moving for enforcement of the purported settlement agreement, Steitzer and Biomet carry the burden of proving that there was an agreement as to all material terms. None of the emails discuss any terms of the purported agreement. Herrington's affidavit devotes only one paragraph to the October 14 telephone call:

> Plaintiffs' counsel emailed me the morning of October 14, 2013, asking me to call him. (Ex. 2, attached hereto.) On that call, Plaintiffs' counsel conveyed an offer of settlement with two material terms: First, Steitzer would be required to return any post-termination payments he had received from Stryker. Upon information and belief, Steitzer has received approximately $70,000 in net post-termination payments from Plaintiffs, which are to be returned under the Agreement.[1] Second, Steitzer would be bound by an agreed stipulation/order to refrain from contacting any of Stryker's CMF customers until June 2014. At no point during the October 14, 2013 call, did Plaintiffs' counsel say that he did not have authority to make a settlement offer. He did not inform me that he had not talked to Plaintiffs about the offer. I told him I would discuss the offer with my client and get back to him.

5

(Herrington Decl. ¶ 6.) Footnote 1 states: "Upon information and belief, this amount constitutes the net, after tax, post-termination payments made to Steitzer. The gross amount, including the amount withheld for taxes, would be substantially higher." (*Id.*)

Herrington's assertion that Stiehl conveyed an offer of settlement is conclusory and ambiguous as to the terms of the offer. She asserts that Steitzer would be required to return post-termination payments, but she does not indicate that there was an agreement as to how much he would be required to pay (net or gross), whether that was all he would have to pay, or when or how payment was to be made. The emails that preceded the October 14 telephone call confirm that the purpose of the call was to discuss Herrington's representation of Steitzer and pre-hearing discovery. In her reply brief, Herrington has not contradicted Stiehl's assertion that she initiated the settlement discussion, nor has she contradicted his assertion that they also discussed Stryker's desire for assurances regarding Steitzer's use of Stryker's confidential information. The emails that followed the telephone conversation do not add any information as to the terms discussed, nor do they tend to reflect that Stryker made a firm offer. When Herrington asked on October 15 if they could "get this done" and dismiss Biomet, Stiehl responded "Let me get back with the client," and "let me discuss internally" and then he would get back to her. Despite his indication that he needed to confer with his clients, Herrington wrote back before hearing from Stiehl to say that Biomet had accepted the deal. Although she indicated on October 15 that her in-house person was speaking with Steitzer, she did not indicate that Steitzer had accepted the deal.

6

Given the lack of specificity as to whether there was an offer, what was offered, and who was accepting, the Court concludes that Steitzer and Biomet have not met their burden of showing by a preponderance of the evidence that an agreement had been reached as to all material terms. Accordingly, the motion to enforce settlement agreement will be denied.

An order consistent with this opinion will be entered.


Dated: July 22, 2014                                  /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE