UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STRYKER CORPORATION, a Michigan
corporation; HOWMEDICA OSTEONICS
CORP., a New Jersey corporation,

       Plaintiffs,

v.

CHRISTOPHER RIDGEWAY, an individual;
RICHARD STEITZER, an individual; BIOMET,
INC., an Indiana corporation,

       Defendants.
_____/

Case No. 1:13-CV-1066

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This action filed by Plaintiffs Stryker Corporation and Howmedica Osteonics Corp. (collectively "Stryker"), is before the Court on Stryker's motion to dismiss Defendant/Counter-Plaintiff Richard Steitzer's counterclaim. (Mot., ECF No. 46.) Steitzer opposes the motion. For the reasons that follow, the motion will be denied.

**I.**

Stryker moves for dismissal of Steitzer's counterclaim for declaratory judgment pursuant to the mirror image rule. Stryker contends that Steitzer's declaratory counterclaim fails as a matter of law because it is a mirror-image of Stryker's pending breach of contract claim against Steitzer. Steitzer opposes the motion.

One of the factors courts consider in evaluating whether to authorize declaratory relief

is "whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue." *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). "[W]hen a counterclaim merely restates the issues as a 'mirror image' to the complaint, the counterclaim serves no purpose." *Fed. Deposit Ins. Corp. v. Project Dev. Corp.*, No. 86-5490, 819 F.2d 289, at *3 (6th Cir. May 27, 1987) (Table); *see also Florists Transworld Delivery, Inc. v. Fleurop-Interflora*, 261 F. Supp. 2d 837, 847 (E.D. Mich. 2003) (dismissing declaratory judgment counterclaim where it would be "redundant to the relief already sought for breach of contract"). The mirror-image rule applies only to claims that "exactly correspond" such that resolution of one claim would entirely dispose of the other claim. *See Kreinberg v. Dow Chemical Co.*, No. 07-13235-BC, 2007 WL 2782060, at *8 (E.D. Mich. Sept. 24, 2007). Accordingly, "courts should dismiss or strike a redundant counterclaim when 'it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim.'" *Pettrey v. Enter. Title Agency, Inc.*, No. 1:05-CV-1504, 2006 WL 3342633, at *3 (N.D. Ohio Nov. 17, 2006) (quoting *Aldens, Inc. v. Israel Packel*, 524 F.2d 38, 51-52 (3d Cir. 1975)).

The counterclaim for declaratory relief is not a mirror image of the complaint. In Count 2 of its amended complaint Stryker alleges that Steitzer breached the Non-Compete Agreement by soliciting Stryker's customers and competing against Stryker, and that he breached the Confidentiality Agreement by sharing Stryker's confidential information. (Am. Compl. ¶¶ 155, 156, 158.) A mirror image of Count 2 would be a request for a declaration

that Steitzer did not breach the Non-Compete Agreement or the Confidentiality Agreement. That is not what Steitzer is requesting in his counterclaim. Instead, Steitzer is requesting a declaration that, pursuant to the terms of the Non-Compete Agreement and promises Stryker made in its June 17, 2013 Letter, Steitzer is permitted to compete with Stryker because Stryker voluntarily ceased post-termination severance payments. (Steitzer Countercl. ¶ 27, ECF No. 34.)

Stryker contends that the mirror-image rule nevertheless applies because resolution of Stryker's breach of contract claim will necessarily resolve the issue raised in Steitzer's declaratory judgment claim. According to Stryker, because its breach of contract claim requires proof that the Non-Compete Agreement is a valid and enforceable contract, and that Steitzer breached it by improperly competing against Stryker while still within the restrictive covenant time period, resolution of Stryker's breach of contract claim will necessarily include a determination regarding the enforceability of the non-compete provision.

It is possible that resolution of the breach of contract claim at trial will also resolve Steitzer's declaratory judgment request. However, the issue is complicated by the fact that Stryker's breach of contract claim is based on Steitzer's alleged breach of two agreements, and Stryker could conceivably prevail on the breach of one but not the other. It is further complicated by the fact that Steitzer relies on an alleged amendment to the Non-Compete Agreement. Where there is not a complete identity of factual and legal issues between the complaint and the counterclaim and there is some uncertainty as to whether resolution of the

3

complaint will completely dispose of the counterclaim, the better practice is not to dismiss the counterclaim at this early stage of the trial. *See Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172, 174 (6th Cir. 1942) ("While it may turn out at trial that a decision on the merits of the plaintiff's bill will dispose of the controversy between the parties completely and render declaratory judgment unnecessary, in which case the counterclaim may be dismissed, we are of opinion that it was error to strike out the counterclaim at so early a stage.") Accordingly, Stryker's motion to dismiss the declaratory judgment counterclaim will be denied at this time without prejudice.

## II.

Steitzer alleges in Count 2 of his counterclaim that Stryker breached the Non-Compete Agreement by failing to make post-termination payments. (Countercl. ¶¶ 30-31; ECF No. 34.) Steitzer further asserts that if Stryker does not make post-termination payments, Steitzer is not bound by the restrictions on competition. (Countercl. ¶ 30.) Stryker moves to dismiss Steitzer's counterclaim for breach of contract pursuant to Rule 12(b)(6) for failure to state a claim on which relief may be granted.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Stryker contends that Steitzer's breach of contract claim fails as a matter of law

4

because Stryker's decision to stop payment on Steitzer's Employee Non-Compete Agreement is specifically authorized by the Agreement, and because the relief sought – termination of the restrictive covenants contained in the Agreement – is not an available remedy under the express terms of the Agreement.

The Non-Compete Agreement provides for severance payments as follows:

> Except as provided in Paragraph 3(c) hereof, upon the termination of Employee's employment and in consideration for Employee being bound by and complying with the Restrictions, Company shall make severance payments to Employee on a monthly basis for the period that the Restrictions are in effect . . . .

(Non-Compete Agrmt. ¶ 3(a), Am. Compl. Ex. C, ECF No. 23-3.) Section 3(c) of the Agreement provides:

> no severance payments will be due to Employee if he/she (i) has breached (A) his/her duty of loyalty to Company, (B) the terms and conditions of this Agreement and/or (C) any other agreement with Company, including without limitation the Employee Confidentiality Agreement, (ii) has been terminated for cause, or (iii) otherwise acted in bad faith and/or contrary to law.

(Non-Compete Agrmt. ¶ 3(c).) Paragraph 3(d) of the Agreement provides that Stryker's ability to enforce the terms of the Agreement is not dependent on paying or continued payment of severance payments after Steitzer's breach:

> The fact that Company may not be required to pay or continue to pay severance payment as a result of the applicability of Paragraph 3(c) hereof shall not affect Company's ability to enforce the Restrictions and the other terms of this Agreement and shall <u>not</u> serve to release Employee from the Restrictions and the other promises he/she has made in this Agreement.

(Non-Compete Agrmt. ¶ 3(d) (emphasis in original).)

Stryker contends that Steitzer's entire claim rests on its position that, Stryker is required to make severance payments, and that if it does not, Steitzer is not bound by the restrictions in the Non-Compete Agreement. (Countercl. ¶ 30.) Stryker contends that this position is clearly barred by paragraph 3(d) of the Non-Compete Agreement. Stryker also notes that the Restrictions are supported by consideration other than the severance payments, including its selection of Steitzer to service customers, furnishing him with a sales territory, his employment, his training, and his compensation. (Non-Compete Agrmt. at p. 1.) Stryker also asserts that the relief sought by Steitzer – rescission – is prohibited by the terms of the Non-Compete Agreement.

Assuming, without deciding, that Stryker is correct in its assertion that Steitzer is bound by the Restrictions even if Stryker does not make severance payments, the Court does not agree that this would dispose of Steitzer's entire breach of contract claim. Steitzer has alleged that Stryker is required to make severance payments and that its failure to do so constitutes a breach. (Countercl. ¶¶ 30, 31.) Steitzer has also alleged that he has suffered substantial damages as a result of that breach. (Countercl. ¶ 32.) Stryker agreed to make severance payments for the period that the Restrictions are in effect unless Steitzer breached an agreement with Stryker. (Non-Compete Agrmt. ¶¶ 3(a), (c)). Steitzer has denied breaching the Non-Compete Agreement and the Confidentiality Agreement in his answer to the amended complaint. (Answer ¶¶ 156, 158; ECF No. 34.) Because the issue of whether Steitzer breached an agreement with Stryker has not been established as a matter of law, the

6

Court cannot find, as a matter of law, that Stryker did not breach the Non-Compete Agreement by failing to make severance payments.

The Court is satisfied that Steitzer has stated a claim for breach of the Non-Compete Agreement. Accordingly, Stryker's motion to dismiss Steitzer's counterclaim for breach of contract will be denied.

### III.

For the reasons stated herein, Stryker's motion to dismiss both counts of Steitzer's counterclaim will be denied.

An order consistent with this opinion will be entered.

Dated: July 24, 2014                          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE