UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, et al.,

       Plaintiffs,

                              Case No.  1:13-CV-1066

v.

                              HON. ROBERT HOLMES BELL

CHRISTOPHER RIDGEWAY, et al.,

       Defendants.
_____/

STONE SURGICAL, LLC,

       Plaintiff,

v.                                                                              Case No. 1:14-CV-889

STRYKER CORPORATION, et al.,

       Defendants.
_____/

**O P I N I O N**

       Defendant Christopher Ridgeway has filed an appeal of the Magistrate Judge's order granting Stryker's motion to enforce protective order, and a motion to expedite consideration of the appeal.  (ECF Nos. 142, 143.)  Stryker has filed an opposition to the appeal.  (ECF No. 151.)

       This Court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivr 72.3(a); *Massey v. City*

*of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review.")  "'A finding of fact is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams Cnty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent.  *Lafountain v. Martin*, No. 1:07-CV-76, 2010 WL 748215, at *1 (W.D. Mich. Mar.1, 2010) (Maloney, C.J.) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

The order that is the subject of this appeal granted Stryker's motion to enforce the protective order, struck Exhibit 2 to Ridgeway's motion for partial summary judgment, struck Ridgeway's memorandum in support of the motion, provided Ridgeway an opportunity to file a redacted version of the memorandum, and ordered Stryker to serve a privilege log concerning the documents that were the subject of its motion to enforce.  (Order, ECF No. 140.)

Ridgeway contends that the order is clearly erroneous because the parties' protective order (ECF No. 100) did not provide for the return and destruction of a document that had already been filed, and because Stryker failed to offer any evidence that its emails were

privileged or that they were disclosed in an inadvertent manner. These arguments lack merit.

The parties' protective order provides that "upon demand . . . all copies of any inadvertently produced documents shall be returned."[1] The protective order applies to "any inadvertently produced documents." It does not carve out an exception for documents that have already been filed.

The Magistrate Judge did not err in finding that Stryker produced sufficient evidence of privilege for purposes of enforcing the protective order. The protective order does not require proof of privilege. All it requires is a demand on the basis of privilege. The evidence was undisputed that Exhibit 2 was an email from Sarah Krupinski, Stryker CMF's Director of Human Resources, to Karen Tompkins, one of Stryker's in-house counsel. The Magistrate Judge determined that the document appeared to be privileged, but he did not make a final ruling that the document was privileged. He clarified that he was only striking Exhibit 2 "unless and until Mr. Ridgeway convinces this Court that it is not privileged." (Tr. 99-100.)

---

[1] The protective order provides in pertinent part:

> The inadvertent production of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall constitute neither a waiver of any claim or privilege that may otherwise attach thereto nor a general waiver of such claim or privilege. … Upon demand of the producing party, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing party.

(Protective Order ¶ 12, ECF No. 100.)

The Magistrate Judge also did not err in finding that the email was disclosed in an inadvertent manner. He did not disagree with Ridgeway's argument that the burden was on Stryker to show that the production was inadvertent. (Tr. 83.) *See also Fox v. Massey-Ferguson, Inc.*, 172 F.R.D. 653, 671 (E.D. MI. 1995) ("When a producing party claims inadvertent disclosure, it has the burden of proving that the disclosure was truly inadvertent.") However, he noted the distinction between the burden of proof and the question of how that burden can be met. (Tr. 83.) He did not agree with Ridgeway's assertion that the law required Stryker to support its assertion under the claw back provision with an affidavit or other sworn testimony. (Tr. 98.) The Magistrate Judge was satisfied, based on the representations of Stryker's counsel, an officer of the Court, regarding the process by which the documents were produced, that the disclosure was inadvertent. (Tr. 84, 98, ECF. No. 148.)

On appeal, Ridgeway reasserts his position that without any testimony to support its claim that the documents were "inadvertently" produced, Stryker never met its burden. However, Ridgeway has produced no law to suggest that sworn testimony is required or to suggest that the evidence the Magistrate Judge relied on was insufficient.

Ridgeway devotes a substantial portion of his appeal brief to the issue of the crime-fraud exception to privilege. This portion of the brief is puzzling because the Magistrate Judge explicitly declined to rule on the crime-fraud exception. (Tr. 106.) When Ridgeway's counsel asked if it was the Court's finding that the fraud exception does not apply or if it

4

could be raised at a later date, the Magistrate Judge responded that he was "not ruling as to whether there's a crime fraud exception here." (106.) Nowhere in its brief does Ridgeway describe what was clearly erroneous or contrary to law about the Magistrate Judge's decision not to rule on the crime-fraud exception. Ridgeway appears to have lost sight of the purpose of this appeal.

This appeal borders on being meritless and generates some concern that it is being used for purposes other than correcting erroneous rulings.

For the reasons stated herein, the Magistrate Judge's order granting Stryker's motion to enforce protective order will be affirmed, and the motion to expedite will be denied as moot.

An order consistent with this opinion will be entered.


Dated: February 3, 2015                              /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE