UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, a Michigan
corporation; HOWMEDICA OSTEONICS
CORP., a New Jersey corporation,

    Plaintiffs,

v.

CHRISTOPHER RIDGEWAY, an individual;
RICHARD STEITZER, an individual; BIOMET,
INC., an Indiana corporation,

    Defendants.

and

STONE SURGICAL, LLC,

    Plaintiff,

v.

STRYKER CORPORATION and
HOWMEDICA OSTEONICS CORP.,

    Defendants.

                                         /

Case No. 1:13-CV-1066

HON. ROBERT HOLMES BELL

Case No. 1:14-CV-889

## **O P I N I O N**

This matter is before the Court on appeals filed by Christopher Ridgeway to three of the Magistrate Judge's non-dispositive pretrial orders. Ridgeway appeals the January 5, 2015, order (ECF No. 141) requiring him to pay Plaintiff for the production of certain

discovery (ECF No. 152); the January 28, 2015, order (ECF No. 161) denying his request for in camera review of records Stryker refused to produce (ECF No. 171)[1]; and the March 4, 2015, order (ECF No. 178) denying his request to retain a copy of an email string between two Stryker employees (ECF No. 194).  For the reasons that follow, the Court will affirm the Magistrate Judge's orders.

## I.

This Court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivR 72.3(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review.")  Findings of fact are reviewed under the "clearly erroneous" standard, and legal conclusions are reviewed under the "contrary to law" standard.  *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).  "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Adams Cnty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th

---

[1] Citations to docket entries in this opinion are for electronic case filing entries in Case No. 1:13-CV-1066.  The parallel citations in Case No. 1:14-CV-889 for the orders Ridgeway appeals from are ECF Nos. 97, 114, and 130.  The parallel citations for Ridgeway's appeals in Case No. 1:14-CV-889 are ECF Nos. 123 and 146.

Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under this standard, the Court will not reverse a finding of fact simply because this Court would have decided the case differently. *Easley v. Cromartie* 532 U.S. 234, 242 (2001). Legal conclusions, on the other hand, are reviewed de novo. *United States v. Curtis*, 237 F.3d 598, 607 (6th Cir. 2001). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Lafountain v. Martin*, No. 1:07-CV-76, 2010 WL 748215, at *1 (W.D. Mich. Mar.1, 2010) (Maloney, C.J.) (citing *Gandee*, 785 F. Supp. at 686).

## II.

Ridgeway has raised two challenges to the Magistrate Judge's order (ECF No. 141) on Ridgeway's motion to compel responses to its Requests to Produce 6 & 7. First, he asserts that the Magistrate Judge erred by requiring him to bear the cost of a search of Stryker employees' emails for references to Ridgeway's non-compete agreement. According to Ridgeway, the Magistrate Judge improperly based his decision on Stryker's counsel's representations rather than on any affidavits or other evidence that the search would constitute an undue burden on Stryker. Ridgeway further asserts that application of the seven factors outlined in *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 322 (S.D.N.Y. 2003), should result in a finding of no undue burden.

Under the federal discovery rules, "the presumption is that the responding party must bear the expense of complying with discovery requests," but the district court may protect

the responding party from "undue burden or expense" by "conditioning discovery on the requesting party's payment of the costs of discovery." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978).  *See* Fed. R. Civ. P. 26(b)(2)(C) (noting that discovery can be limited if "the burden or expense of the proposed discovery outweighs its likely benefit."). The Rule 26(b)(2)(C) conditions may include "payment by the requesting party of part or all of the reasonable costs of obtaining information from sources that are not reasonably accessible."  Fed. R. Civ. P. 26, Advisory Committee Notes, 2006 Amendment.

Neither the Federal Rules nor the Advisory Committee Notes indicate what kind of showing must be made to support a finding of undue burden.  In this case, the Magistrate Judge considered the nature of the evidence sought, the nature of the required search, the manner in which Stryker had already attempted to respond to Ridgeway's request, the depositions already taken, the approximate costs of a search, the manner in which costs could be reduced, and the low probability that there would be any responsive documents. (Jan. 2, 2015, Hrg. Tr. 28-38, ECF No. 162-1.)  The Court is satisfied that the Magistrate Judge had sufficient information before him to support his finding that the requested search would be unduly burdensome.  The Court is also satisfied that, in arriving at his decision, the Magistrate Judge effectively considered the factors outlined in *Zubulake*.  The Magistrate Judge's decision to require Ridgeway to pay for a further search was not clearly erroneous or contrary to law.

In his second claim of error with respect to the January 5, 2015, order, Ridgeway

4

objects to the denial of his request for hard and electronic copies of every non-compete agreement made by Stryker's CMF Division between January 1, 1999, and January 1, 2003, including electronic images of the entire document Stryker claims Ridgeway signed, showing the metadata which would provide the date of its creation and any modifications made thereto. Ridgeway also objects to the denial of his alternative request for an order requiring Stryker to certify that it has produced all copies of all non-compete agreements during the relevant time period.

Although Ridgeway disagrees with the Magistrate Judge's denial of his request, he has not shown that the denial was "clearly erroneous" or "contrary to law."

Stryker represented that it had produced over 120 non-compete agreements which represented all non-compete agreements for CMF Division employees that had the same document control number – 573287.03 – that is found on the page signed by Ridgeway. Stryker further represented that no other non-compete agreements with different control numbers were used during the 2000-2005 time frame. (Jan. 2, 2015, Hrg. Tr. 49-51.) Based on these representations, the Magistrate Judge determined that Stryker had met its burden of making a reasonable search, and that Stryker had no additional duty to certify that nothing else existed, or to allow Ridgeway to search its computers. (Tr. 52.)

The Magistrate Judge's ruling was not clearly erroneous. "[M]ere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures." *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008).

Although Ridgeway disagrees with the Magistrate Judge's denial of his motion, Ridgeway has not convinced the Court that the ruling was clearly erroneous or contrary to law. The ruling was clearly within the Magistrate Judge's broad discretion.

## III.

Ridgeway appeals the Magistrate Judge's January 28, 2015, order (ECF No. 161) based on his contention that in denying Ridgeway's request for an in camera review of emails between Stryker employees who are not attorneys that Stryker has refused to produce on grounds of attorney-client privilege, the Magistrate Judge misapplied an appellate waiver rule that has no application in a district court proceeding. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) (noting that issues raised in a perfunctory manner without developed argumentation are deemed waived).

A Magistrate Judge is not required to undertake an in camera inspection of items purportedly subject to the attorney-client privilege simply because such review has been requested. "In camera review is a discretionary measure" based on a number of considerations besides a party's request, including judicial economy, bad faith, and public interest. *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 543-44 (6th Cir. 2001). The discovery rules vest broad discretion in the trial court. The Court accordingly reviews the Magistrate Judge's denial of in camera review under an abuse of discretion standard. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992).

In denying Ridgeway's motion to compel in camera review, the Magistrate Judge

noted that Ridgeway failed to articulate a basis for in camera review based on assertion of the attorney-client or work-product privilege and thereby waived the issue. (Jan. 27, 2015, Tr. at 15-16, 39, ECF No. 167.) Ridgeway does not dispute the Magistrate Judge's observation that the focus of his brief was on the crime-fraud issue rather than the assertion of the attorney-client privilege to communications between non-lawyers. He acknowledges that his brief only contained two references to the issue that is at the heart of this appeal: "Stryker has very aggressively asserted privilege to numerous emails that do not even involve an attorney, so no privilege is apparent and none likely exists," and "numerous emails withheld by Stryker do not involve attorneys and cannot be considered to be attorney-client privileged." (Ridgeway App. Br. 4, ECF No. 171.)

Ridgeway's assertion that some of the emails were not between attorneys was not sufficient, in and of itself, to suggest that Stryker's assertion of privilege was improper. The attorney-client privilege protects "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance." *Fisher v. United States*, 425 U.S. 391, 403 (1976). In the corporate context, the privilege applies to communications of any corporate employee on matters within the scope of the employee's corporate duties when the employee is aware that the information is being provided to enable the corporation to obtain legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981). The work-product doctrine is broader than the attorney-client privilege, and protects against disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of a party

7

concerning the litigation. *Id.* at 400-01. It also "protects any document prepared in anticipation of litigation by or for the attorney." *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986).

Stryker has asserted that the emails between non-attorneys that it has labeled as privileged discussed privileged or work product communications from Stryker counsel, or collected information in furtherance of a legal investigation on counsel's behalf. Ridgeway did not articulate a basis for suggesting that the redacted information in the emails between Stryker employees did not contain such privileged material. The Magistrate Judge did not abuse his discretion in requiring Ridgeway to articulate in more detail why in camera review was necessary. Accordingly, the Magistrate Judge's denial of Ridgeway's motion to compel in camera review will be affirmed.

## IV.

Ridgeway appeals the Magistrate Judge's March 4, 2015, order (ECF No. 178) denying Ridgeway's motion to retain documents inadvertently produced by Stryker. The motion relates to a copy of an email string between Stryker employees (STRBIO00009013, hereinafter "9013"). The first page of 9013 consists of an email between non-lawyers Hunter Cameron and Sarah Krupinski. As to the first page, Ridgeway contends that it was clear legal error for the Magistrate Judge not to allow Ridgeway to retain the email because the email contained no legal advice and Stryker offered no affidavits or other competent evidence to support its claim of privilege.

Ridgeway essentially requests this Court to review of the contents of the first page of the email string to determine whether it contains privileged information. This request is denied. The Magistrate Judge did not rule that the first page of the email string was privileged. Instead, he declined to review the document to determine whether or not it contained privileged information because he had already denied Ridgeway's motion for in camera review and that issue was on appeal. (March 3, 2015, Hrg. Tr. 47-48, ECF No. 181.) In Part III above, this Court has affirmed the Magistrate Judge's denial of in camera review. Because the Court has affirmed that decision, Ridgeway's appeal of the Magistrate Judge's denial of Ridgeway's request to retain the document is overruled.

The second page of "9013" is an email from Sarah Krupinski to Karen Tompkins, an in-house Stryker attorney. There is no dispute that this page contains attorney-client communications. Nevertheless, Ridgeway contends that he should not have to return this inadvertently-disclosed email to Stryker because it is subject to the crime-fraud exception to the attorney-client privilege.

"The crime-fraud exception to the attorney-client privilege is predicated on the recognition that where the attorney-client relationship advances the criminal enterprise or fraud, the reasons supporting the privilege fail." *Mich. v. Paasche*, 525 N.W.2d 914, 917 (Mich. Ct. App. 1994). One cannot defeat the attorney-client privilege merely by making a charge of fraud. To defeat the privilege, a party must present prima facie evidence that the charge of fraud has some foundation in fact. *Clark v. United States*, 289 U.S. 1, 15 (1933).

In other words, to invoke the crime-fraud exception, a party must make a sufficient showing that would give a prudent person a reasonable basis to suspect the perpetration of a crime or fraud. *In re Antitrust Grand Jury*, 805 F.2d at 166.

The Magistrate Judge ruled that Ridgeway failed to meet his burden of showing that Stryker lied to the Court when it asserted that the non-compete agreement it submitted with its complaint accurately reflected the terms of the non-compete agreement signed by Ridgeway. This Court agrees. Ridgeway produced evidence that Stryker stapled Ridgeway's signature page to eight pages of another employee's non-compete agreement. As the Magistrate Judge correctly determined, this evidence falls far short of showing that Stryker's representation that the document attached to its complaint was a correct copy of the terms of Ridgeway's non-compete agreement was false, or that Stryker knew that its representation was false when it filed its complaint. Accordingly, the Magistrate Judge's ruling that the crime-fraud exception to the attorney-client privilege does not apply will be affirmed.

For the reasons stated herein, the Court will affirm the Magistrate Judge's January 5, 2015, order (ECF No. 141), his January 28, 2015, order (ECF No. 161), and his March 4, 2015, order (ECF No. 178).

An order consistent with this opinion will be entered.


Dated: July 20, 2015                                 /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE