UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, et al.,

    Plaintiffs,

v.

    Case No. 1:13-CV-1066

    HON. ROBERT HOLMES BELL

CHRISTOPHER RIDGEWAY, et al.,

    Defendants.

and

STONE SURGICAL, LLC,

    Plaintiff,

v.

    Case No. 1:14-CV-889

STRYKER CORPORATION, et al.,

    Defendants.
_____/

**O P I N I O N**

This matter is before the Court on Defendant Christopher Ridgeway's motion for partial summary judgment against Plaintiffs Howmedica Osteonics Corp. and Stryker Corporation as to their claims for breach of contract (Count I) and breach of fiduciary duty (Count III). (ECF No. 326.)[1] For the reasons that follow, the motion will be denied.

---

[1] This motion is also found at ECF No. 282 in consolidated Case No. 1:14-CV-889.

I.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If the moving party carries its burden of showing there is an absence of evidence to support a claim, then the nonmoving party must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file that there is a genuine issue of material fact for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).  The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient to create a genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.

II.

**A.  BREACH OF CONTRACT CLAIM**

Ridgeway contends that even if Plaintiffs succeed on their claim that Ridgeway signed the non-compete agreement that is attached as Exhibits A & B to Plaintiffs' amended complaint (ECF Nos. 23-1, 23-2), they still cannot prevail on their breach of contract claim

because the alleged agreement was made with Howmedica Leibinger, Inc. The agreement provides in the first paragraph that it is between "Howmedica Leibinger, Inc., d/b/a Stryker Leibinger, a subsidiary of Stryker Corporation ("Company") and _____ ("Employee")." Ridgeway has presented evidence that he was employed by Howmedica Osteonics, not by Howmedica Leibinger. (Ridgeway Decl. ¶ 2; ECF No. 37-2; 2008-2013 W-2s, ECF No. 329). He also points out that there is no evidence that he ever signed a non-compete agreement with Howmedica Osteonics. Ridgeway contends that under Michigan law,[2] only an employer may obtain a non-compete agreement, and there is no evidence that Ridgeway was an employee of Howmedica Leibinger.

Section 4a of the Michigan Antitrust Reform Act ("MARA"), Mich. Comp. Laws § 445.771 *et seq.*, specifically permits non-compete agreements between an employer and an employee:

> An **employer** may obtain from an **employee** an agreement or covenant which protects an **employer's** reasonable competitive business interests and expressly prohibits an **employee** from engaging in employment or a line of business after termination of employment if the agreement or covenant is reasonable as to its duration, geographical area, and the type of employment or line of business. To the extent any such agreement or covenant is found to be unreasonable in any respect, a court may limit the agreement to render it reasonable in light of the circumstances in which it was made and specifically enforce the agreement as limited.

Mich. Comp. Laws § 445.774a(1) (emphasis added).

---

[2] Ridgeway brings this motion pursuant to Michigan law, but reserves his claim that Louisiana law applies.

Contrary to Ridgeway's assertions, Michigan does not prohibit non-compete agreements outside of the employer-employee context. Michigan has a common-law rule of reason that contemplates the enforceability of non-competition agreements that qualify as reasonable. This common law rule of reason, which is embodied within § 2 of the MARA, was not abolished by the enactment of section 4a of the MARA. *Bristol Window & Door, Inc. v. Hoogenstyn*, 650 N.W.2d 670, 678-80 (Mich. Ct. App. 2002) (holding that MARA § 4a does not prohibit noncompetition agreements between employers and independent contractors).

Alternatively, Ridgeway contends that even if Michigan law does not prohibit non-compete agreements outside of the employer/employee context, Plaintiffs, who were not parties to the contract, should not be able to enforce it. In support of this argument, Ridgeway notes that the restrictions of the non-compete agreement are expressly limited to "sales territories in which Employee worked for Company, Stryker Leibinger during the twelve (12) months prior to his/her termination." (Non-Compete Agreement 3, ECF No. 23-2.) He also notes that restrictive covenants are narrowly construed. In contrast to other contracts whose legality, validity, and enforceability is generally presumed, "noncompetition agreements are disfavored as restraints on commerce and are only enforceable to the extent they are reasonable." *Coates v. Bastian Bros., Inc.*, 741 N.W.2d 539, 545 (Mich. Ct. App. 2007); *see also Whirlpool Corp. v. Burns*, 457 F. Supp. 2d 806, 811 (W.D. Mich. 2006) (Bell, C.J.) (noting that restrictive covenants must be narrowly construed). In assessing the

reasonableness of a noncompetition agreement, courts consider not only the the clause's duration, geographic scope, and the type of employment prohibited, but also the reasonableness of the competitive business interests justifying the clause. *St Clair Med., PC v. Borgiel*, 715 N.W.2d 914, 919 (Mich. Ct. App. 2006); *Teachout Sec. Servs., Inc. v. Thomas*, No. 293009, 2010 WL 4104685, at *2 (Mich. Ct. App. Oct. 19, 2010). "A covenant not to compete may not be read to extend beyond an employer's 'reasonable competitive business interests.'" *Whirlpool*, 457 F. Supp. 2d at 812 (quoting *Kelsey–Hayes Co. v. Maleki*, 765 F. Supp. 402, 406 (E.D. Mich.), *vacated pursuant to settlement*, 889 F. Supp. 1583 (E.D. Mich. 1991)). The party seeking enforcement bears the burden of demonstrating the validity of the agreement. *Coates*, 741 N.W.2d at 545.

Ridgeway also contends that Plaintiffs cannot enforce the non-compete agreement because he was not terminated by Stryker Leibinger. The form non-compete agreement prohibits competitive activity for one year "following the termination of Employee's employment with Company." (Non-Compete Agreement 3.) "Company" is defined as Stryker Leibinger. Ridgeway contends that because he was not terminated by Stryker Leibinger, he could not have breached the non-compete agreement following his termination.

In response to Ridgeway's motion, Plaintiffs have presented documentation from the time Ridgeway was hired which supports a finding that he was originally hired by Howmedica Leibinger d/b/a Stryker Leibinger. His employment offer comes from Stryker Leibinger and welcomes him to Stryker Leibinger. Ridgeway faxed his signed employment

5

forms back to Stryker Leibinger and he identified Stryker Leibinger as his division. (Hiring Package, ECF No. 373-5.) The evidence is sufficient to create an issue of fact as to whether Ridgeway was ever employed by Stryker Leibinger.

Plaintiffs contend that Ridgeway was an employee of Stryker CMF, the corporate history of which Plaintiffs have outlined through the declaration of Dean Bergy, the Vice President and Corporate Secretary for Stryker Corporation, as follows: Stryker acquired Howmedica Leibinger in December 1998; from December 1998 until December 2006, Howmedica Leibinger, a/k/a Stryker Leibinger, was a direct subsidiary of Stryker; Stryker Leibinger developed medical devices used in craniomaxillofacial ("CMF") surgery and neurosurgery; on December 1, 2006, Howmedica Leibinger merged into Stryker; at some undisclosed time, following a series of internal corporate transactions, Howmedica Leibinger, a/k/a Stryker Leibinger, was transferred into and became a division of Howmedica Osteonics known as Stryker CMF. (Bergy Decl. ¶¶ 7-8, 10-11.) Although Plaintiffs have presented evidence that Howmedica Osteonics is a wholly-owned subsidiary of Stryker, Plaintiffs have not identified when or how Howmedica Osteonics came into being.

Plaintiffs have also presented evidence that the form non-compete agreement with Stryker Leibinger expressly provides that the protection provided to the "Company" under the agreement "extends to Company's related or associated entities, as well as to their successors and/or assigns." (Non-Compete Agreement ¶ 9.) Plaintiffs contend that as a result of this language, both Stryker and Howmedica Osteonics have standing to enforce the

contract. Plaintiffs also assert that the non-compete agreement was properly assigned to Howmedica Osteonics under the express terms of the agreement.

In his reply, Ridgeway contends that there is no reliable evidence that Howmedica Leibinger, Inc. became Howmedica Osteonics Corp. He notes that Plaintiffs have offered no documentary evidence in support of their contention that Stryker Leibinger was transferred into Howmedica Osteonics. All they have presented is the vague assertion by Bergy that at some undisclosed time, through a series of undisclosed internal corporate transactions, Stryker Leibinger was transferred into and became a division of Howmedica Osteonics. Ridgeway contends that Bergy's declaration is inadmissible under Rule 801because it is hearsay, and is inadmissible under Rule 1002 because Plaintiffs have not supplied the original writing to prove its content. Ridgeway also contends that Bergy's claims about the transfer of Howmedica Leibinger into Howmedica Osteonics are refuted by the fact that as recently as 2012, Stryker has represented Howmedica Leibinger, Inc. as a separate corporation entitled to enforce the form non-compete agreement. (Krupinski Letter to Cruikshank, ECF No. 378-3; 03/29/2010 Green Non-Compete Agreement, ECF No. 378-5.)

For purposes of this motion for summary judgment the Court is satisfied that Bergy's declaration regarding the corporate structure and history of Stryker and its affiliates is sufficient to create an issue of fact for trial. Based on the evidence provided, the Court concludes that Ridgeway is not entitled to summary judgment on Plaintiffs' breach of

contract claim. Whether Ridgeway was ever employed by Stryker Leibinger, whether Stryker Leibinger had a reasonable competitive business interest justifying a non-compete agreement, whether the non-compete agreement was assigned to Howmedica Osteonics, and whether Stryker and Howmedica Osteonics were related or associated entities who could reasonably enforce the non-compete agreement all present questions of fact for trial.

Plaintiffs have also pointed out that their breach of contract claim is based not only on breaches of the non-compete agreement, but also on breaches of the Employee Confidentiality and Intellectual Property Agreement that Ridgeway entered into with Stryker Corporation, "including its subsidiaries, operating divisions, and affiliates" on May 28, 2002.

In his reply brief, Ridgeway contends that Stryker's claim under the confidentiality agreement fails because Plaintiffs have not identified which of them owned the confidential information that was allegedly misappropriated. Ridgeway contends that each Plaintiff has failed to satisfy its individual burden of proof.

Ridgeway's motion for summary judgment did not address the confidentiality agreement. Accordingly, Plaintiffs were not put to their proofs on this issue. This issue is not properly before the Court.

Ridgeway contends, in the alternative, that he is entitled to summary judgment against Stryker on the breach of contract claim because he never competed with Stryker. In support of his motion, Ridgeway relies on Stryker's admission that it did not have sales representatives selling the products that Ridgeway planned to sell for Biomet. (Shinevare

8

Decl. ¶ 9, ECF No. 327-4.) In addition, Ridgeway contends that the non-compete agreement only restricted activities directed at the "Company's Customers." Ridgeway contends that his customers were Howmedica Osteonics' customers, not Stryker's customers, and that Stryker accordingly has no claim under the non-compete agreement. Finally, Ridgeway contends that he never actually sold any products for Biomet.

The Court is not unsympathetic to Ridgeway's attempt to separate the various Stryker corporate entities. In their complaint, Plaintiffs refer to Stryker and Howmedica Osteonics collectively as Stryker. (Am. Compl. 1, ECF No. 23.) At other times, Plaintiffs maintain that Stryker and Howmedica Osteonics are separate corporations each of which maintains a separate legal status. (Shinevare Decl. ¶¶ 6, 7, ECF No. 327-4; Shinevare Dep. 19, 21, ECF No. 327-5.) In response to this motion, Plaintiffs have introduced a new entity they refer to as Stryker CMF. The confusion may work against Plaintiffs at trial. Nevertheless, it appears that Ridgeway is demanding a more distinct separation between the corporate entities than is legally required. Plaintiffs have presented evidence that Ridgeway not only competed against Stryker CMF but that he also competed against Stryker by soliciting Stryker's customer to go to Biomet. The Court is satisfied that there is at least a question of fact as to whether the several Stryker affiliates had overlapping interests, and whether Ridgeway's actions could be viewed as competition with Stryker, as distinct from Stryker CMF. Accordingly, Ridgeway's motion for summary judgment on Plaintiffs' breach of contract claim will be denied.

9

## B. BREACH OF FIDUCIARY DUTY CLAIM

Ridgeway contends that Plaintiffs' breach of fiduciary duty claim fails because he was not an employee of Stryker, and, with respect to Howmedica Osteonics, he was not a high level officer or director, nor was he an employee who made strategic business decisions. He asserts that he was a salesman who, effective January 1, 2012, became a manager of three other salesmen. (Rideway Decl. ¶ 2, ECF No. 327-2.) He further states that he "did not direct strategic planning and did not direct any production, manufacturing, or development of products." (*Id.*)

Under Michigan law, fiduciary duties arise "'out of the relation subsisting between two persons of such a character that each must repose trust and confidence in the other and must exercise a corresponding degree of fairness and good faith.'" *Wysong Corp. v. M.I. Indus.*, 412 F. Supp. 2d 612, 632 (E.D. Mich. 2005) (quoting *Portage Aluminum Co. v. Kentwood Nat'l Bank*, 307 N.W.2d 761, 763 (Mich. Ct. App. 1981)). To prevail on a breach of a fiduciary duty claim, a plaintiff must show that the "'position of influence has been acquired and abused," or the "confidence has been reposed and betrayed." *Vicencio v. Ramirez*, 536 N.W.2d 280, 284 (Mich. Ct. App. 1995)). *Id.* The general rule is that the employer-employee relationship does not give rise to a fiduciary relationship unless the employee is a high-level employee, or if there is a specific agency relationship. *Dana Ltd. v. Am. Axle & Mfg. Holdings, Inc.*, No. 1:10-CV-450, 2012 WL 2524008, at *12 (W.D. Mich. June 29, 2012) (Bell, J.)

Plaintiffs do not assert that Ridgeway was a high-level employee. Instead, they base their fiduciary duty claim on their assertion that Ridgeway acted as an agent for both Stryker and Howmedica Osteonics. "'The law will not permit an agent to act in a dual capacity in which his interest conflicts with his duty, without a full disclosure of the facts to his principal.'" *Nedschroef Detroit Corp. v. Bemas Enters. LLC*, No. CIV. 14-10095, 2015 WL 2453511, at *6 (E.D. Mich. May 22, 2015) (quoting *Sweeney & Moore v. Chapman*, 294 N.W. 711, 712-713 (Mich. 1940)).

Plaintiffs have presented evidence that Ridgeway was responsible for Stryker's Neuro Spine ENT ("NSE") business, which is a division of Stryker Corporation. (Mercado Decl. ¶ 17, ECF No. 8-1.) Stryker has also presented evidence that, in that capacity, Ridgeway was responsible for marketing and selling Stryker's NSE products, cultivating and growing relationships with surgeons and hospitals, negotiating with customers on Stryker NSE's behalf, and recruiting and training new Stryker NSE sales representatives. (Mercado Decl. ¶ 17; Ridgeway Dep. 93, 270-75; Ridgeway 10/16/2012 email, ECF No. 376-6.)

Plaintiffs have presented evidence that as a sales representative for Stryker CMF, a division of Howmedica Osteonics, Ridgeway was responsible for cultivating relationships with surgeons, providing technical product information, coordinating training on Stryker CMF products, providing technical assistance, and generally acting as the face of Stryker to its clients. (Mercado Decl. ¶ 9, ECF No. 8-1.) When Ridgeway became a district sales manager, he assumed greater responsibilities, including recruiting and training new sales

11

representatives, developing and implementing strategies to maximize sales in his territory, and helping to negotiate sales, pricing, and contracts with customers. (Krupinski Dep. ¶ 11, ECF No. 8-1; Ridgeway Dep. 277-79; Ridgeway 10/16/2012 email, ECF No. 376-6.)

Plaintiffs have alleged that Ridgeway breached his fiduciary duties to them by, among other things, failing to protect their interests, misusing their confidential and proprietary information, operating a separate but related medical business, inflating sales for his personal benefit and to Plaintiffs' detriment, and interfering with and usurping Plaintiffs' business opportunities. (Am. Compl. ¶ 164.)

Plaintiffs have presented sufficient evidence to create issues of fact as to whether Ridgeway had an agency relationship with Stryker and/or Howmedica Osteonics that would give rise to a fiduciary duty. Accordingly, Ridgeway's motion for summary judgment on Plaintiffs' breach of fiduciary duty claim will be denied.

## III.

For the reasons stated herein, Ridgeway's motion for summary judgment on Plaintiffs' breach of contract and fiduciary duty claims (ECF No. 326) will be denied.


Dated: <u>November 19, 2015</u>     /s/ Robert Holmes Bell
                                                              ROBERT HOLMES BELL
                                                              UNITED STATES DISTRICT JUDGE