UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, et al.,

Plaintiffs,

v.                                                          Case No. 1:13-CV-1066

                                                            HON. ROBERT HOLMES BELL
CHRISTOPHER RIDGEWAY, et al.,

Defendants.

and

STONE SURGICAL, LLC,

Plaintiff,

v.

                                                            Case No. 1:14-CV-889
STRYKER CORPORATION, et al.,

Defendants.
_____/

## OPINION

This matter is before the Court on the motion for summary judgment by Defendants

Stryker Corporation and Howmedica Osteonics Corporation (collectively, "Stryker") as to

the remaining claims in the complaint against them by Stone Surgical, LLC ("Stone"). (ECF

No. 311)[1] Stone opposes the motion. For the reasons that follow, the motion will be granted in part and denied in part.

## I.

Stryker sells medical products. Stone is an entity owned by Stryker's former employee, Christopher Ridgeway. Stone alleges that it entered into an agreement with Stryker's competitor, Biomet, to distribute medical products in Louisiana. Biomet terminated this agreement after Stryker filed a lawsuit against Ridgeway alleging that Ridgeway was in violation of a non-compete agreement. Stone subsequently brought this action against Stryker.

Following the Court's ruling on Stryker's motion to dismiss (Op. & Order, ECF Nos. 285, 286), the claims remaining in Stone's amended complaint (ECF No. 44) are: a claim under the Louisiana Unfair Trade Practices Act (LUTPA) (Count I); a fraud claim under Louisiana law (Count II); a claim for tortious interference with a business relationship under Michigan law (Count V); and a claim for unfair competition under Michigan law (Count VIII). Stryker seeks summary judgment on all of these claims based on its contention that there is no material issue of fact as to the following matters:

 • Ridgeway received and executed the "Howmedica Leibinger Inc. d/b/a Stryker Leibinger Employee Non-Competition Agreement" (the "Agreement"), the only non-compete that Stryker CMF used between 2000 and 2005;

---

[1]The ECF numbers in this Opinion refer to the docket in Case No. 1:14-CV-889, except as otherwise indicated. The motion before the Court is also found at ECF No. 371 in consolidated Case No. 1:13-CV-1066.

• Stryker accurately presented the terms of the Agreement in its complaint against Ridgeway;

• Biomet Spine and Stone never entered into a written distributorship agreement or business relationship and Biomet Microfixation and Stone never entered into a written distributorship agreement or business relationship for Stone to act as a distributor in Mississippi or the Florida Panhandle;

• Even if an oral agreement existed between Stone and either Biomet Spine or Biomet Microfixation, those agreements are barred by the statute of frauds; and

• Stryker never took any improper acts to interfere (intentionally or otherwise) with any agreement, written or otherwise, between Biomet Microfixation and Stone or Biomet Spine and Stone and filing its complaint against Ridgeway was proper.

(Mem. in Supp. of Mot. for Summ. J. 1, ECF No. 315.)

Upon review, the Court finds that there are issues of fact with respect to each of the foregoing, except for the assertion that "Biomet Microfixation and Stone never entered into a written distributorship agreement or business relationship for Stone to act as a distributor in Mississippi or the Florida Panhandle."

## II.

Rule 56 of the Federal Rules of Civil Procedure requires the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[T]he district court must construe the

evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). When such a motion is filed by the defendant, the "plaintiff must do more than rely merely on the allegations of her pleadings or identify a 'metaphysical doubt' or hypothetical 'plausibility' based on a lack of evidence; [a plaintiff] is obliged to come forward with 'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits[.]'" *Chappell v. City of Cleveland*, 585 F.3d 901, 912 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c); *Matushita*, 475 U.S. at 586-87). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

## III.

### A. Non-Compete Agreement

Stryker seeks summary judgment as to Counts I, II, and VIII based on its assertions that Ridgeway executed a non-compete agreement, and that Stryker accurately presented the terms of this agreement in its complaint against Ridgeway. The Court addressed this issue when ruling on Ridgeway's counterclaims against Stryker in Case No. 1:13-cv-1066. For the reasons fully discussed in the Court's December 1, 2015 opinion, there is a genuine dispute of material fact regarding the existence and terms of the non-compete agreement. (Op. 7, ECF No. 381.) Consequently, there is a dispute of fact as to whether Ridgeway executed such

an agreement and whether Stryker accurately represented its terms.

### B. Distributorship Agreement

Stryker also seeks summary judgment as to the claim for tortious interference with a contract or business relationship (Count V). In its complaint, Stone alleges that it entered into a written agreement with Biomet Miocrofixation to sell CMF products in Louisiana and an oral agreement with Biomet Spine to sell spinal products in Louisiana. (Am. Compl. ¶¶ 15, 16, ECF No. 44.) Stryker claims that there is no evidence of such a relationship. It also claims that there is no evidence of a relationship to sell products in Mississippi and the Florida Panhandle.

### 1. Evidence of a Business Relationship (Louisiana)

Stryker claims that there is no evidence of a contract or business relationship between Stone and Biomet. However, Stone has provided a copy of a written agreement with Biomet Microfixation LLC to distribute CMF products. (ECF No. 337-12.) In addition, Ridgeway avers that he entered into an oral agreement with Biomet Spine to distribute spinal products. (Ridgeway Decl., ECF No. 337-13.) Biomet Spine confirmed in writing that it was committed to making the deal happen. (Email, ECF No. 337-15.) Thus, Ridgeway has offered sufficient evidence to present an issue of fact as to the existence of a contract or relationship between Biomet and Stone for the sale of CMF and spinal products in Louisiana.

2. Evidence of a Business Relationship (Mississippi / Florida)

Next, Stryker claims that there is no evidence of a contract or business relationship between Stone and Biomet for the sale of CMF or spinal products in Mississippi and the Florida Panhandle. Stone does not respond to this assertion. It ostensibly relies on a statement in Ridgeway's declaration that "Biomet Spine gave notice to John Roberts that it was terminating his Mississippi Gulf Coast distributorship, to award it to Stone Surgical, LLC, and I know this because John Roberts spoke to me about continuing to work this territory for Stone Surgical, LLC." (Ridgeway Decl. ¶ 3, ECF No. 337-13.) This statement, by a Biomet distributor, does not establish the existence of a relationship or expectancy between Biomet and Stone. Thus, Stryker is entitled to summary judgment with respect to any claim that it interfered with a business relationship or expectancy between Stone and Biomet for the sale of products in Mississippi or the Florida Panhandle.

**C. Statute of Frauds**

Stryker claims that, even if an oral agreement existed between Stone and Biomet Spine (for the sale of product in Louisiana), Stone cannot succeed in its claim because the contract was invalid under Michigan's statute of frauds. Stone asserts that the Michigan statute of frauds does not apply to its agreement with Biomet and that, in any event, Stryker does not have standing to assert the defense of statute of frauds.

The Court agrees with Stone, for slightly different reasons. A claim for tortious interference with a contract or business relationship is a tort claim, not a contract claim; it

does not depend on the existence of an enforceable contract. *Northern Plumbing & Heating, Inc. v. Henderson Bros., Inc.*, 268 N.W.2d 296, 298 (Mich. Ct. App. 1978); *accord Rosati Masonry Co., Inc. v. Great Am. Ins. Companies*, No. 196171, 1997 WL 33344940, at *1 (Mich. Ct. App. Aug. 26, 1997). Consequently, "[t]he statute of frauds is not a bar to this type of action." *Northern Plumbing*, 268 N.W.2d at 298.

### D. Improper Interference

Finally, Stryker contends that it did not improperly or intentionally interfere with Stone's relationship with Biomet. Stryker asserts that it did nothing improper because Ridgeway signed a non-compete agreement with Stryker. As the Court has already stated, however, the existence of the non-compete agreement is a question of fact for trial. Ridgeway has presented evidence that one of Stryker's employees admitted that she did not see a non-compete agreement in his file, and a number of Stryker employees discussed the fact that Ridgeway did not have a non-compete. (*See Stryker et al. v. Ridgeway et al.*, No. 1:13-cv-1066, 12/1/2015 Op. 6-7, ECF No. 433.) Stryker has offered a number of reasons why it believes that an agreement existed, but a jury is not required to accept those explanations.

Stryker also contends that its motive was not improper because it was motivated by a legitimate business reason, which was to enforce the non-compete agreement. *See BPS Clinical Labs. v. Blue Cross & Blue Shield of Mich.*, 552 N.W.2d 919, 925 (Mich. Ct. App. 1996) ("Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference."). However, if the jury finds

that the agreement did not exist, then it could also infer that Stryker was not motivated by a legitimate business reason.

Finally, Stryker contends that it did not intend to interfere with Stone's relationship with Biomet; however, Stryker's complaint against Ridgeway and Biomet provides sufficient evidence from which a jury can infer that, in filing its complaint and seeking injunctive relief against them, Stryker intended to stop Ridgeway (and Stone) from selling products for Biomet and, thus, intended to interfere with that relationship.

## IV.

For the reasons stated above, Stryker's motion for summary judgment (ECF No. 311) will be granted in part and denied in part. The motion will be granted solely to the extent that Stone asserts a claim of tortious interference with a contract or business relationship between it and Biomet for the sale of products in Mississippi and the Florida Panhandle. In all other respects, the motion will be denied.

An order consistent with this opinion will be entered.


Dated: January 25, 2016                              /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE